By the Court, Bronson, J.
The declaration commences by charging Mrs. Clarke as the heir of Hannah Fisher, and concludes by charging her as the heir of John Fisher. She may be the heir of both Hannah and John; but on the facts of this case she cannot be charged as the heir of both. Hannah and John were joint covenantors. When Hannah died, the remedy at law on the covenant was against the survivor, and him only. The representatives of the deceased covenantor could only he charged in equity. This we held when the case was before us on a former occasion. The declaration has been amended, without getting rid of the objection. Mrs. Clarke can only be charged at law, as heir of the surviving covenantor.
The plaintiff seeks to charge Mrs. Clarke both as heir, and as *352 next of kin. That, I think, cannot be done in one count. The pleadings may he very different in the two cases.
At the common law, an action might be maintained against the heir when he was named in and bound by the obligation of the ancestor: and it was not necessary for the plaintiff to allege in the declaration that the heir had lands by descent. If he had not, it lay on him to plead riens per descent. But the remedy of the creditor has been extended to simple contract debts, and the whole matter is now regulated by statute. The' heirs are liable, to the extent of the real estate descended, for the debts of the ancestor “ arising by simple contract or by specialty.” (2 R. &(. 452, § 32.) (a) “ But such heirs shall not be liable for any such debt”—which includes specialty as well as simple contract debts—“ unless it shall appear that the personal assets of the deceased were not sufficient to pay and discharge the same or that the creditor has exhausted his remedy against the personal representatives and next of kin of the deceased. (Id. § 33.) And then to malee the matter more plain comes the 36th section, providing that “ it shall be incumbent on the creditor seeking to charge any heirs, to show the facts and circumstances herein required to render them liable.” It cannot be doubted that this has changed the mode of pleading; and whether the plaintiff sues on a specialty or a simple contract, he must allege in the declaration the special facts on which his right to recover depends, That has not been done in this case.
Judgment for the defendants.
END OF JANÜART TERM;

 See Sess. Laws of 1837, p. 537, § 73.